**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| JAMES C. HILL, JR., ET AL. | § | |
| | § | |
| v. | § | CASE NO. 5:20-CV-01473 |
| | § | |
| AETC II PRIVATIZED HOUSING, LLC, ET AL. | § | |

---

**HUNT ELP, LTD.'S ANSWER
TO PLAINTIFFS' COMPLAINT IN INTERVENTION**

---

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW Hunt ELP, Ltd. named as Hunt ELP, Ltd. D/B/A Hunt Military Communities (hereinafter individually by name or "Defendant") and reserving the right to file other and further pleadings, exceptions and denials, files this its Original Answer to Plaintiffs' Original Complaint previously filed herein, and in support thereof would show unto the Court as follows:

1.      Upon information and belief, Plaintiffs are or were at the time of leasing members of the military and were housed for various periods of time at Randolph Air Force Base ("Randolph"). AETC II Privatized Housing, LLC is the only "landlord" of the privatized housing at Randolph and Defendant denies that all Defendants are "Landlord Companies."

2.      Defendant denies the characterization and description of it in this paragraph. As stated above, AETC II Privatized Housing, LLC is the "landlord" for Randolph Family Housing, and is a limited liability company, 49% of which is owned by the United States of America acting by and through the Secretary of the Air Force. The remainder of the allegations in this paragraph are denied.

3.      Defendant denies the allegations of paragraph 3.

4.      Defendant denies the allegations of paragraph 4.

5.      Defendant denies the allegations of paragraph 5.

6.      This paragraph is a recitation of the claims being asserted by Plaintiffs. To the extent that this paragraph asserts a claim or makes allegations against this Defendant, the paragraph is denied.

7.      Defendant denies the allegations of this paragraph.

## THE PARTIES

8.      Defendant admits that, upon information and belief, some or all of the Plaintiffs previously lived in housing at Randolph Air Force Base. The remaining allegations of paragraph 8 are denied.

9.      This paragraph is directed to another Defendant and therefore no response is required by this Defendant. To the extent that this paragraph asserts a claim against this Defendant, the paragraph is denied.

10.      This paragraph is directed to another Defendant and therefore no response is required by this Defendant. To the extent that this paragraph asserts a claim against this Defendant, the paragraph is denied.

11.      Defendant admits that Hunt ELP Ltd. is a Texas company. To the extent this paragraph asserts a claim against this Defendant, the paragraph is denied.

12.      The allegations of paragraph 12 are denied. AETC II Privatized Housing, LLC is owned 49% by the United States Air Force and 51% by Hunt AETC II Communities, LLC. Hunt AETC II Communities, LLC is owned by Hunt ELP. AETC II Property Managers, LLC is owned by Hunt MH AM/PM Contractual, LLC. Hunt MH AM/PM Contractual, LLC is owned by Hunt MH, LLC. Hunt MH, LLC is owned by Hunt ELP, Ltd. Neither AETC II Privatized Housing, LLC

2

nor AETC II Property Managers, LLC is directly owned by Hunt ELP, Ltd. Further, all corporate formalities are respected with the individual entities.

13.     The allegations of paragraph 13 are denied.

### JURISDICTION AND VENUE

14.     Defendant re-alleges and incorporates the statements and responses in paragraphs 1 thru 13 as if fully set forth herein.

15.     Defendant admits that this Court has jurisdiction due to: the claims underlying the action occurring on a federal enclave and as such present a federal question; another Defendant acting as an agent of the United States and/or are persons acting under a federal office; and the claims involve issues of federal law as the Service Member of each family signed a "Military Lease Agreement" for "military housing" under the Military Housing Privatization Initiative which involve Substantial Federal Interest so that almost everything in the Plaintiffs' allegations implicates the United States Air Force and/or Armed Forces in one form or another.  The land constituting Randolph AFB was ceded by the State of Texas to the federal government in October 1951. The cession documents, including the Deed of Cession 63-111, documentation regarding the federal government's request for exclusive jurisdiction, and correspondences of Texas and federal agencies indicating the transfer to the federal government are attached as Collective Ex. A. The remaining allegations of Paragraph 15 are denied.

16.     Defendant admits this Court has federal enclave subject matter jurisdiction. The remainder of this paragraph refers to case law or statutes which speak for themselves and do not require a substantive response from this Defendant. To the extent that any of the cited cases or statutes could be read to deny federal enclave exclusive jurisdiction such is denied.

9728530.3

17.     Defendant admits that, upon information and belief, the events alleged in the Complaint occurred on Randolph Air Force Base, a federal enclave. On October 4, 1951 the Governor of the State of Texas caused the Great Seal of Texas to be affixed to a Deed of Cession which provides:

> "…in the name and on behalf of the State of Texas, do hereby cede to the United States of America exclusive jurisdiction over the said described land, to hold, possess and exercise said jurisdiction over the same as long as the same remains the property of the United States of America; provided, however, that the cession of jurisdiction is made and granted upon the express condition that the State of Texas shall retain concurrent jurisdiction with the United States of America over every portion of the land so ceded, so far, that all process, civil and criminal, issuing under the authority of the State of Texas of any of the Courts of juridical officers thereof, may be executed by the proper officers of the State of Texas upon any person amendable to the same within the limits of the land over which jurisdiction is so ceded, in like manner and with like effect as if no such cession had taken place."

Ex. A. Defendant admits that the only concurrent jurisdiction retained by the State of Texas was for judicial process, nothing else. The correspondence between the Governor of Texas and the Department of the Air Force explicitly requested and granted exclusive jurisdiction, and the "Department of the Air Force acknowledge[d] receipt of a deed dated October 4, 1951 executed by [the Governor] on behalf of the State of Texas, ceding exclusive jurisdiction to the United States…notice is hereby given that the United States accepts exclusive jurisdiction over the land described in the Deed of Cession." Collective Ex. A. Defendant is without knowledge or information as to what "laws of the State of Texas with respect to housing units" are being referenced in this paragraph and the footnote therein and as such those are denied. The remaining allegations of this paragraph are denied.

18.     Defendant admits that the purported claims of Plaintiffs arose on a federal enclave and federal law applies. The remainder of this paragraph refers to case law which speaks for itself

and does not require a substantive response from this Defendant. To the extent that any of the cited cases could be read to deny federal enclave exclusive jurisdiction, such is denied.

19.     Defendant admits that this Court has subject matter jurisdiction over all claims in this case.  Defendant denies the remaining allegations of paragraph 19.

20.     Defendant admits the Court has personal jurisdiction over it. The remaining allegations of this paragraph are denied.

21.     Defendant admits the Court has personal jurisdiction over it. The remaining allegations of this paragraph are denied.

22.     Defendant admits the Court has personal jurisdiction over it. The remaining allegations of this paragraph are denied.

23.     Defendant admits that Venue is proper. The remaining allegations of this paragraph are denied.

## FACTUAL ALLEGATIONS

### The MHPI and the History of Privatized Military Housing

24.     Defendant admits that Congress enacted the National Defense Authorization Act in 1996, a part of which included the MHPI, which speaks for itself. The remainder of this paragraph does not make any allegations against this Defendant. To the extent that there are allegations against this Defendant in this paragraph, those allegations are denied.

25.     Defendant admits that Congress enacted the National Defense Authorization Act in 1996, a part of which included the Military Housing Private Initiative (MHPI) which speaks for itself. The remainder of this paragraph does not make any allegations against this Defendant. To the extent that there are allegations against this Defendant in this paragraph, those allegations are denied.

9728530.3

26.     Defendant admits that Congress enacted the National Defense Authorization Act in 1996, a part of which included the MHPI, which speaks for itself. The remainder of this paragraph does not make any allegations against this Defendant. To the extent that there are allegations against this Defendant in this paragraph, those allegations are denied.

27.     Defendant admits that Congress enacted the National Defense Authorization Act in 1996, a part of which included the MHPI, which speaks for itself. The remainder of this paragraph does not make any allegations against this Defendant. To the extent that there are allegations against this Defendant in this paragraph, those allegations are denied.

28.     Defendant denies the allegations made in paragraph 28.

29.     Defendant does not collect rent. Defendant denies the remaining allegations in paragraph 29.

30.     Defendant admits that the purpose of the MHPI can be found in the statute itself and related materials.  The remainder of this paragraph does not make any allegations against this Defendant. To the extent that there are allegations against this Defendant in this paragraph, those allegations are denied.

31.     Defendant admits that Reuters published a series of articles, but Defendant denies that the articles presented a full and accurate portrayal of privatized military housing in general and certainly did not present an accurate portrayal of military housing at Randolph AFB. Defendant denies the remaining allegations of this paragraph.

32.     Defendant admits that there were congressional inquiries into military housing; however, Defendant denies that the limited citations presented a full and accurate portrayal of privatized military housing in general and certainly did not present an accurate portrayal of military housing at Randolph AFB. Defendant denies the remaining allegations of this paragraph.

9728530.3

33.     Defendant admits that certain Senators made public statements during congressional hearings; however, Defendant denies that the limited citations presented a full and accurate portrayal of privatized military housing in general and certainly did not present an accurate portrayal of military housing at Randolph AFB. Defendant denies the remaining allegations of this paragraph.

34.     Defendant admits that certain Senators made public statements during congressional hearings; however, Defendant denies that the limited citations presented a full and accurate portrayal of privatized military housing in general and certainly did not present an accurate portrayal of military housing at Randolph AFB. Defendant denies the remaining allegations of this paragraph.

35.     Defendant admits that there was testimony from witnesses at the congressional hearings; however, Defendant denies that the limited citations presented a full and accurate portrayal of privatized military housing in general and certainly did not present an accurate portrayal of military housing at Randolph AFB. Defendant denies the remaining allegations of this paragraph.

36.     Defendant admits that there was testimony from witnesses at the congressional hearings; however, Defendant denies that the limited citations presented a full and accurate portrayal of privatized military housing in general and certainly did not present an accurate portrayal of military housing at Randolph AFB. Defendant denies the remaining allegations of this paragraph.

37.     The allegations of paragraph 37 are denied.

38.     Defendant admits that John Ehle testified before Congress, and denies the remaining allegations of paragraph 38.  John Ehle's testimony specifically states: "Hunt welcomes

7

the subcommittee's interest in military housing…We recognize that there is no such thing as maintenance-free housing and that issues will inevitably arise that must be remedied with both historic and new stock. When that happens, we consistently strive to address the situation in a timely and transparent manner. We are not perfect, of course, so we aim to learn from our mistakes in order to provide a better experience for our residents going forward."

39.     Defendant denies the allegations of paragraph 39.

40.     Defendant admits that Senator Warren submitted a report. The remaining allegations in the paragraph are denied.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.      This Defendant is unaware of the facts alleged and is without knowledge of the same as it has no role in housing at Randolph. Therefore, Defendant denies this paragraph.

45.     This Defendant is unaware of the facts alleged and is without knowledge of the same as it has no role in housing at Randolph. Therefore, Defendant denies this paragraph.

46.     This Defendant is unaware of the facts alleged and is without knowledge of the same as it has no role in housing at Randolph. Therefore, Defendant denies this paragraph.

47.     This Defendant is unaware of the facts alleged and is without knowledge of the same as it has no role in housing at Randolph. Therefore, Defendant denies this paragraph.

### The Underlying Contracts, Military Services' Standards, and Servicemember Leases

48.     Defendant admits that the design of the MHPI is set forth in the statute and related materials, which speak for themselves. There are no allegations against this Defendant contained within paragraph 48. To the extent that there is an allegation against this Defendant, such is denied.

9728530.3

Defendant further states that the full purpose of MHPI can be found in the statutory record. Defendant incorporates the prior responses regarding MHPI herein.

49.     Defendant admits that the design of the MHPI is set forth in the statute and related materials, which speak for themselves. There are no allegations against this Defendant contained within paragraph 49. To the extent that there is an allegation against this Defendant, such is denied. Defendant further states that the full purpose of MHPI can be found in the statutory record. Defendant incorporates the prior responses regarding MHPI herein.

50.     Defendant admits that AETC II Privatized Housing, LLC entered into a ground lease with the United States of America by and through the Secretary for the Air Force relating to the military housing project at Randolph AFB. Defendant denies the remaining allegations of paragraph 50.

51.     There are no allegations against this Defendant contained within paragraph 51. To the extent that there is an allegation against this Defendant, such is denied. Defendant further states that the purpose of MHPI and what it was "designed to do" can be found in the statute and congressional record. Defendant denies that Plaintiffs were intended or third party beneficiaries of any contract between AETC II Privatized Housing, LLC and the United States.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant admits that there was congressional testimony on privatized military housing.  Defendants denies the remaining allegations of paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant is without sufficient knowledge or information as to what specifically is being referenced in this paragraph and denies the same.

9728530.3

57.     Defendant admits that the Army Pamphlet speaks for itself, but denies that this document applies at Randolph AFB. The remaining allegations contained within paragraph 57 are denied.

58.     Defendant is without information or knowledge as to the specific documents referenced in this paragraph, that they are quoted accurately, or that they apply to Randolph AFB or this case. As such, this Defendant denies the allegations, if any, made in paragraph 58.

59.     Defendant denies the allegations of paragraph 59.

60.     Defendants denies the allegations of paragraph 60.

61.     Defendant denies the allegations contained in paragraph 61.

62.     There is no allegations contained in this paragraph but rather general opinion statements not specific to any Plaintiff. To the extent that any allegation can be interpreted as making an allegation against this Defendant, those are denied.

63.     Defendant admits that the congressional record speaks for itself. There is no allegation contained in this paragraph but rather general opinion statements not specific to any Plaintiff. To the extent that any allegation can be interpreted as making an allegation against this Defendant, those are denied.

64.     Defendant admits that the lease agreements speak for themselves. Defendant denies the remaining allegations in paragraph 64.

65.     Defendant denies the allegations of paragraph 65.

66.     Defendant denies the allegations of paragraph 66.

67.     Defendant denies the allegations of paragraph 67.

## **CAUSES OF ACTION**

9728530.3

68.     Defendant reasserts and incorporates by reference the foregoing statements and defenses contained in the foregoing paragraphs as if fully reproduced herein.

### Count 1- Breach of Contract

69.     Defendant denies the allegations of paragraph 69.  Defendant denies it entered into any contract with any Plaintiff.

70.     Defendant admits that the lease agreements speak for themselves and denies the remaining allegations of paragraph 70.  Defendant denies it entered into any contract with any Plaintiff.

71.     Defendant denies the allegations of paragraph 71.  Defendant further denies it entered into any contract with any Plaintiff.

72.     Defendant denies the allegations of paragraph 72 and denies that Plaintiffs are entitled to any relief.  Defendant further denies it entered into any contract with any Plaintiff.

### Count 2 – Deceptive Trade Practices

73.     Defendant denies the allegations of paragraph 73 and denies that the DTPA applies to the allegations and claims presented in this Complaint.

74.     Defendant denies the allegations of paragraph 74, including those in sub-paragraphs a-i, and denies that the DTPA applies to the allegations and claims presented in this Complaint.

75.     Defendant denies the allegations of paragraph 75, and denies that the DTPA applies to the allegations and claims presented in this Complaint.

76.     Defendant denies the allegations of paragraph 76, and denies that the DTPA applies to the allegations and claims presented in this Complaint.

9728530.3

77.      Defendant denies the allegations of paragraph 77, and denies the DTPA applies to the allegations and claims presented in this Complaint.

78.      Defendant denies the allegations of paragraph 78, and denies the DTPA applies to the allegations and claims presented in this Complaint.

79.      Defendant denies the allegations of paragraph 79, and denies the DTPA applies to the allegations and claims presented in this Complaint.

80.      Defendant denies the allegations of paragraph 80, and denies the DTPA applies to the allegations and claims presented in this Complaint.

81.      Defendant denies the allegations of paragraph 81, and denies the DTPA applies to the allegations and claims presented in this Complaint.

82.      Defendant denies the allegations of paragraph 82, denies the DTPA applies to the allegations and claims presented in this Complaint, and denies the Plaintiffs are entitled to any recovery from this Defendant.

### Count 3- Breach of Implies Warranty of Habitability, Breach of Implied Warranty of Good and Workmanlike Repairs, and Violations of Section 92,051 et seq. of the Texas Property Code

83.      Defendant denies the allegations of paragraph 83 and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

84.      Defendant denies the allegations of paragraph 84.

85.      Defendant denies the allegations of paragraph 85 and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

### Count 4- Negligence, Negligent Misrepresentation, and Gross Negligence

9728530.3

86.     Defendant denies the allegations of paragraph 86.

87.     Defendant denies the allegations of paragraph 87.

88.     Defendant denies the allegations of paragraph 88.

89.     Defendants denies the allegations of paragraph 89.

90.     Defendant denies the allegations of paragraph 90 and denies that Plaintiffs are entitled to any recovery from this Defendant.

### Count 5- Statutory Fraud in a Real Estate Transaction

91.     Defendant denies the allegations of paragraph 91 and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

92.     Defendant denies the allegations of paragraph 92 and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

93.     Defendant denies the allegations of paragraph 93 and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

94.     Defendant denies the allegations of paragraph 94 and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law. Defendant further denies that Plaintiffs are entitled to any recovery from this Defendant.

### Count 6 – Common Law Fraud

95.     Defendant denies the allegations of paragraph 95.

96.     Defendant denies the allegations of paragraph 96.

9728530.3

97.     Defendant denies the allegations of paragraph 97, and denies that Plaintiffs are entitled to recover any damages from this Defendant.

### Count 7 – Unjust Enrichments/Restitution/Money Had and Received

98.     Defendant denies the allegations of paragraph 98.

### Count 8 – Violations of the Residential Lead-Based Paint Hazard Reduction Act

99.     Defendant denies the allegations of paragraph 99.

100.    Defendant denies the allegations of paragraph 100.

101.    Defendant denies the allegations of paragraph 101 and denies that Plaintiffs are entitled to any recovery from this Defendant.

### Count 9 – Third-Party Beneficiary of Contract

102.    Defendant admits that there are contracts by and between AETC II Privatized Housing, LLC and the United States of America by and through the Secretary of the Air Force. Defendant is without knowledge of information sufficient to admit or deny what "Underlying Contracts" are being referenced. The remaining allegations of this paragraph are denied.

103.    The allegations of paragraph 103 are denied.

104.    The allegations of paragraph 104 are denied.

105.    The allegations of paragraph 105 are denied.

106.    The allegations of paragraph 106 are denied.

107.    The allegations of paragraph 107 are denied.

108.    The allegations of paragraph 108 are denied. Defendant further denies that Plaintiffs are entitled to any recovery from this Defendant.

### Count 10 – Intentional Nuisance

109.    The allegations of paragraph 109 are denied.

9728530.3

110.    The allegations of paragraph 110 are denied.

111.    The allegations of paragraph 111 are denied.

112.    The allegations of paragraph 112 are denied. Defendant further denies that Plaintiffs are entitled to any recovery from this Defendant.

### Count 11 – Negligent Nuisance

113.    The allegations of paragraph 113 are denied.

114.    The allegations of paragraph 114 are denied.

115.    The allegations of paragraph 115 are denied. Defendant further denies that Plaintiffs are entitled to any recovery from this Defendant.

### Count 12 – Strict Liability Nuisance

116.    The allegations of paragraph 116 are denied and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

117.    The allegations of paragraph 117 are denied and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

118.    The allegations of paragraph 118 are denied and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

119.    The allegations of paragraph 119 are denied and denies the applicability of the Texas statute cited in this paragraph as the alleged actions or omissions occurred on a federal enclave and as such are governed by federal law.

9728530.3

120.    The allegations of paragraph 120 are denied. Defendant further denies that Plaintiffs are entitled to any recovery from this Defendant.

## ACCRUAL OF CLAIMS/DISCOVERY OF INJURIES

121.    Defendant denies the allegations of paragraph 121.

122.    Defendant denies the allegations of paragraph 122.

123.    Defendant denies the allegations of paragraph 123.

## CONDITIONS PRECEDENT

124.    Defendant denies the allegations of paragraph 124. Defendant specifically denies that "all conditions precedent to Plaintiffs' recovery have occurred or have been waived, excused, or otherwise satisfied." Should Texas state law apply to the property damage claims in this case, which Defendant denies, Defendant denies that "all notices have been provided or were waived, excused or otherwise satisfied." More specifically, upon information and belief, certain Plaintiffs' compliance with the DTPA pre-suit notice was inadequate in terms of timing and/or substance. Plaintiffs did not comply with the dispute resolution policy, which is part of and incorporated into their lease agreements.  Some or all Plaintiffs may not have complied with the Mold/Mildew Addendum incorporated in the lease which requires, among other things, appropriate climate control, cleaning, removal of visible moisture accumulation, and prompt reporting of certain conditions in the home. Additionally, some or all Plaintiffs actively and with purpose prevented maintenance from addressing work orders and/or complaints so that the situation would worsen and form the basis of their lawsuit. Some or all Plaintiffs failed to comply with the access for repairs provisions of the lease agreements to ensure the Premises are maintained, not in need of repair, inspect, and/or make necessary repairs, alterations or otherwise.  Certain Plaintiffs, without approval from the Installation's Housing Management Officer, caused to be housed additional

persons in the residence, failed to list those persons in the lease and otherwise failed to follow the occupancy limitations within the lease. To the extent that Texas law applies to Plaintiffs' purported claims for exposure to asbestos, any Plaintiff alleging an injury based upon asbestos exposure has failed to comply with the requirements of Chapter 90 and, therefore, any claim related to asbestos exposure fails and should be dismissed. Should Texas law apply to property damage claims within the federal enclave, which Defendant denies, Plaintiffs failed to properly give notice under Texas Property Code § 92.056. Plaintiffs have failed to provide notice by manner and mechanisms called for under the Texas Property Code and therefore no claim may arise under that section, should it apply at all in this case.

## ATTORNEY'S FEES & COSTS

125.    Defendant denies the allegations of paragraph 125, and denies that Plaintiffs are entitled to any recovery from this Defendant.

## EXEMPLARY DAMAGES

126.    Defendant denies the allegations of paragraph 126, and denies that Plaintiffs are entitled to any recovery from this Defendant.

## JOINT LIABILITY

127.    Defendant denies the allegations of paragraph 127, and denies it is liable to Plaintiffs for any damages.

128.    Defendant denies the allegations of paragraph 128.

129.    Defendant denies the allegations of paragraph 129.

130.    Defendant denies the allegations of paragraph 130.

131.    Defendant denies the allegations of paragraph 131.

132.    Defendant denies the allegations of paragraph 132.

9728530.3

## JURY DEMAND

133.    Plaintiffs have demanded a jury. Defendants likewise request a jury. Should Plaintiffs' Unjust Enrichment/Restitution/Money Had and Received "claim" survive, which it should not, then that equitable remedy is the sole province of the court. There is no Seventh Amendment right to a jury on unjust enrichment claims as "disgorgement" as a remedy was not available at law in 1791 (when the Seventh Amendment was ratified) and/or was not a right at law but at equity and no jury should pass on that "claim."

## PRAYER

Defendant denies the paragraph beginning "WHEREFORE," including sub-paragraphs a-k. Defendant denies Plaintiffs are entitled to recover any type of damages whatsoever from this Defendant. Defendant prays to be dismissed from this action with costs and any other relief it is so entitled. As Plaintiff has pled a number of different Texas statutes which they claim apply to this case, as denied by Defendants, should these actions be viable in this case Defendant pleads the limitations of Tex. Civ. Prac. & Remedies Code §41.0105 such that "[i]n addition to any other limitations under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant." As a general matter all averments contained with Plaintiffs' Complaint are denied unless expressly admitted.

## First Defense

This action is barred by the applicable statute of limitations or of repose and/or the doctrine of laches.

## Second Defense

The negligence of Plaintiffs proximately caused or contributed to the alleged damages injuries or loss, if any was sustained.  Any recovery is therefore barred or should be diminished accordingly.

### Third Defense

The acts or admissions of others over whom this Defendant had no control, whose acts or omissions this Defendant had no reason to anticipate, and for whom this Defendant is not liable, proximately caused or contributed to the damages, injuries, or loss, if any were sustained.  These acts or omissions of others constituted intervening cause(s) and supersede any alleged wrongful act or omission on the part of this Defendant.

### Fourth Defense

Plaintiffs assumed the risk of the alleged damages, injuries, or loss, if any.

### Fifth Defense

Plaintiffs failed to mitigate damages, if any.

### Sixth Defense

Defendant is entitled to credit in the amount of settlements received by Plaintiffs.

### Seventh Defense

All or part of Plaintiffs' claims which are the basis of this lawsuit have either been settled or adjudicated and therefore, the doctrines of res judicata, collateral estoppel, judicial estoppel, equitable estoppel, acquiescence, election of remedies, payment and release, waiver, and accord and satisfaction bar Plaintiffs' claims against this Defendant.

### Eight Defense

Plaintiffs' claims against this Defendant are speculative and there can be no recovery from this Defendant.

9728530.3

### Ninth Defense

Plaintiffs failed to plead Fraud with particularity as required under Fed. R. Civ. P. 9(b) and should therefore be dismissed against this Defendant.

### Tenth Defense

The Complaint should be dismissed for failure to state a claim against this Defendant upon which relief can be granted.

### Eleventh Defense

At all relevant times, Plaintiffs' home complied with all applicable governmental building codes, standards, regulations, and specifications.

### Twelfth Defense

The injuries, if any, for which Plaintiffs seek recovery resulted from Plaintiffs' pre-existing illnesses or conditions.

### Thirteen Defense

This Defendant is entitled to any sovereign or governmental immunity available to the United States of America, including but not limited to the immunity set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940).

### Fourteenth Defense

Liability for Plaintiffs' damages, if any, is due to the negligence and/or conduct of others.

### Fifteenth Defense

Defendant reserves the right to assert any and/or all applicable affirmative defense which discovery may reveal appropriate.

### Sixteenth Defense

9728530.3

Plaintiffs are not entitled to an award of punitive damages because they failed to allege sufficient facts within the Complaint to demonstrate any conscious disregard for the safety of Plaintiffs, or any willful, wanton or malicious act or omissions, or any other act of conduct on the part of this Defendant which could form the basis for an award of punitive damages.

### Seventeenth Defense

No Plaintiff is entitled to recover punitive or exemplary damages in any form or fashion in this case in that it would violate this Defendant's rights under the Constitution of the United States and, where applicable, the Constitution of the State of Texas.  Any award of exemplary or punitive damages, in the absence of appropriate standards, procedures to ensure their application, and adequate review, would be unreasonable, arbitrary, capricious and confiscatory, would have no relation to any ascertainable facts, and therefore would afford this Defendant no adequate means of defense in appellate review.

### Eighteenth Defense

The imposition of punitive damage in this action violates this Defendant's constitutional right of due process under the Texas Constitution and the United States Constitution because it creates an unnecessary and undue risk of an improper verdict on the issue of liability, on the measure of compensatory damages, on the issue of whether to award punitive damages, and on the measure of punitive damages.

### Nineteenth Defense

This Defendant asserts that any award of punitive damages would violate this Defendant's constitutional rights in that:

a. Any instruction defining conduct warranting punitive damages is vague and violates the Fifth and Fourteenth Amendments to the United States Constitution;

9728530.3

b.  An allowance of punitive damages in this case would violate the Commerce Clause, Article I, Section 8, United States Constitution;

c.  An allowance of punitive damages in this case would expose this Defendant to multiple awards of damages and therefore subject it to double jeopardy for the same alleged acts and would violate this Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment; and

d.  An allowance of punitive damages in this case would violate the Ex Post Facto Clause of the United States Constitution.

### Twentieth Defense

Defendant asserts that Plaintiffs waived any and all alleged breaches of contract by this Defendant by continuing to request and receive performance under the contract alleged in the Complaint as well as continuing to live within the unit.

### Twenty-First Defense

Defendant alleges that the government contractor defense (*see, e.g. Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988)), applies as Defendant discharged their duties relating to the military housing at Randolph and Laughlin Air Force Base at which the Plaintiffs' former units are located, in accordance with "reasonably precise standards" and duties the United Sates Air Force pursuant to contractual agreements and with full participation of the United State Air Force as part-owner of this Defendant.

### Twenty-Second Defense

Defendant asserts that Plaintiffs directed, ordered, and/or approved Defendant's conduct, thereby barring Plaintiffs from seeking the relief prayed for in the Complaint.

### Twenty-Third Defense

9728530.3

Defendants allege that to the extent that Plaintiffs have or will receive collateral source benefits in full or partial payments of the damages sought by the Complaint, Defendants are entitled to a set off of any recovery against it to the extent of all benefits paid, or payable to, or on behalf of Plaintiffs from any collateral source.

### Twenty-Fourth Defense

Defendant was performing duties under contract with the United States government at the direction of and authorization of the United States Air Force and/or other governmental authorities, so that Defendant is immune from suite based on its performance of such contract under any and all legal theories applicable to such facts, including but not limited to governmental contractor immunity as set forth in *Boyle v. United Technologies Corp*., 487 U.S. 500 (1988). Defendant asserts any and all claims took place on a federal enclave and as such Texas law does not apply except to the extent applicable when the base was accepted by the United States government. As such, many of the claims are inapplicable and should be dismissed, as set forth more fully in Defendant's Motion to Dismiss incorporated herein.

### Twenty-Fifth Defense

Defendant denies Plaintiffs have alleged a claim against this Defendant upon which relief can be granted, including an award of actual or punitive damages.

### Twenty-Sixth Defense

Plaintiffs' injuries, if any, were caused by the negligence or fault of parties over whom this Defendant has no control. Preserving all assertions of federal enclave and exclusive federal jurisdiction, Defendant is entitled to an apportionment of fault pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code within the meaning of those terms under Texas law, or

alternatively, under the law of this case should Texas law apply therein. Defendant reserves the right to make an election of credit for settlement before the issues are submitted to the trier of fact.

### Twenty-Seventh Defense

Certain Plaintiffs cannot claim fraud in the inducement because they ratified the lease when they allowed the lease to automatically renew at the end of the initial one-year lease term.

### Twenty-Eight Defense

Plaintiffs' claims for intentional nuisance should be dismissed as Plaintiffs have failed to plead facts sufficiently alleging that this Defendant behaved negligently and had the deliberate knowledge or believe that their remediation efforts would prove useless, as claimed.

### Twenty-Ninth Defense

Plaintiffs have failed to provide a sufficient basis for strict-liability nuisance.

### Thirtieth Defense

The Federal Tort Claims Act authorizes actual and compensatory damages. Punitive damages and prejudgment interest are specifically not allowed under 28 U.S.C. § 2674 and as such any claims for such should be dismissed.

### Thirty-First Defense

Certain Plaintiffs prevented and frustrated efforts to remediate, clean, or otherwise address claimed conditions in the unit.

### Thirty-Second Defense

Many of Plaintiffs complaints and alleged wrongs related to the MHPI under which these Plaintiffs have no standing to bring suit.  Any and all allegations, statement or otherwise related to general MHPI complaints should be stricken from the Complaint. Furthermore, Plaintiffs have no right as third party beneficiaries to the contract by and between the United States Air Force and

AETC II Privatized Housing.  Plaintiffs have no standing to make any claim under those contracts. Plaintiffs have no standing to assert violations of any Air Force or other military memorandum, guidance, or directive.

## Thirty-Third Defense

Plaintiffs have failed to fulfill all conditions precedent and applicable notice requirements, including but not limited to: DTPA pre-suit notice was inadequate in terms of timing and/or substance; Plaintiffs did not comply with the dispute resolution policy which is part of and incorporated into their lease agreements; some or all Plaintiffs may not have complied with the Mold/Mildew Addendum incorporated in the lease which requires, among other things, appropriate climate control, cleaning, removal of visible moisture accumulation, and prompt reporting of certain conditions in the home; some or all Plaintiffs actively and with purpose prevented maintenance from addressing work orders and/or complaints so that the situation would worsen and form the basis of their lawsuit; some or all Plaintiffs failed to provide access to landlord during occupancy for repairs; should Texas state law apply within the federal enclave, which Defendant denies as to property damage claims, any Plaintiff alleging an injury based upon asbestos exposure has failed to comply with the requirements of Chapter 90 and, therefore, any claim related to asbestos exposure fails and should be dismissed; should Texas law apply within the federal enclave, which Defendant denies as to property damage claims, Plaintiffs failed to properly give notice under Texas Property Code § 92.056; some or all Plaintiffs have failed to provide notice by manner and mechanisms called for under the Texas Property Code, should that statute apply in this case.

## Thirty-Fourth Defense

9728530.3

To the extent that the claims attempted to be asserted against this Defendant are predicated upon breach of warranty or breach of other contractual relationships, the same are barred because Plaintiffs had no contractual relationship, expressed or implied, with this Defendant.

WHEREFORE, Defendant Hunt ELP, Ltd. respectfully requests that judgment be entered in its favor, and that Hunt ELP, Ltd. be awarded its costs, expenses, and such other relief as the Court deems just.

Respectfully submitted this the 17th day of February 2021.

/s/ *Walter H. Boone*

Walter H. Boone, MS Bar No. 8651
(*admitted to W.D. of TX on 7/28/2020*)
Jennifer J. Skipper, State Bar No. 204076171
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
Email: wboone@balch.com
        jskipper@balch.com

Julia W. Mann, Sate Bar No. 00791171
Erica Benites Giese, State Bar No. 24036212
JACKSON WALKER LLP
112 E. Pecan Street, Suite 2400
San Antonio, TX 782015
Telephone: 210-978-7761
Facsimile: 210-242-4646
E-Mail: jmann@jw.com
        egiese@jw.com

**Attorneys for Hunt ELP, Ltd.**

9728530.3

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Randall A. Pulman, Esq.
Ryan C. Reed, Esq.
Matthew J. McGowan, Esq.
Sarah Jackson, Donahue, Esq.
PULMAN, CAPPUCIO, & PULLEN, LLP
2161 NW Military Highway, Suite 400
(210) 222-9494 Telephone
(210) 892-1610 Facsimile
E-Mail: rpulman@pulmanlaw.com
          rreed@pulmanlaw.com
          mmcgowan@pulmanlaw.com
          sdonahue@pulmanlaw.com

James R. Moriarty, Esq.
LAW OFFICES OF JAMES R. MORIARTY
4119 Montrose, Suite 250
(713) 528-0700 Telephone
(713) 528-1390 Facsimile
E-Mail: jim@moriarty.com

Francisco Guerra, IV
Jennifer Arlene Neal
Robert E. Brzezinksi
WATTS GUERRA, LLP
Four Dominion Drive, Bldg. 3, Suite 100
San Antonio, TX 78257
(210) 477-0500
E-Mail: fguerra@wattsguerra.com
          jneal@wattsguerra.com
          rbrzezinski@wattsguerra.com

*/s/ Walter H. Boone*

Walter H. Boone, MS Bar No. 8651
*(Admitted to W.D. of TX on 7/28/2020)*

9728530.3