IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES C. HILL, JR., INDIVIDUALLY AND AS NEXT FRIENDS OF E.H., A.H., AND F.H. *ET AL*. <br><br> *Plaintiffs*, <br><br> vs. <br><br> AETC II PRIVATIZED HOUSING, LLC, AETC II PROPERTY MANAGERS, LLC, HUNT ELP, LTD., D/B/A HUNT MILITARY COMMUNITIES; <br><br> *Defendants*. | § § § § § § § § § § § § § § § § 5-20-CV-01473-OLG-RBF |

**ORDER**

Before the Court is the Motion to Consolidate filed by Plaintiffs James C. Hill, Jr. and Kari D. Hill, Michael English and Elldwinia English, Sean Skillingstad and Ressia Skillingstad, Rodolfo Castillo and Latasha Castillo, and Bradley Oliver and Deborah Oliver on behalf of themselves and their minor children (collectively the "*Hill* Plaintiffs"). *See* Dkt. No. 32. Plaintiffs seek to consolidate this case with the earlier-filed case styled *Furman v. AETC II Privatized Housing, LLC*, No. 5-20-cv-1138-OLG-RBF (W.D. Tex. filed Sept. 24, 2020). To that end, the *Furman* Plaintiffs—who are represented by the same counsel as the *Hill* Plaintiffs—filed an identical motion to consolidate in that case. *See Furman*, No. 5-20-cv-1138-OLG-RBF, Dkt. No. 32.

For the same reasons discussed in a contemporaneous order entered in the *Furman* case which the Court incorporates in full herein, the *Hill* Plaintiffs' Motion, Dkt. No. 32, is **DENIED**. For docket clarity purposes, the Clerk is **DIRECTED** to attach to this Order a copy of the *Furman* Order denying consolidation.

**IT IS SO ORDERED.**

SIGNED this 21st day of September, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JASON H. FURMAN, ERIN FURMAN, INDIVIDUALLY AND AS NEXT FRIEND OF AJF, WEF AND OCF, MINORS;<br><br>*Plaintiffs,*<br><br>vs.<br><br>AETC II PRIVATIZED HOUSING, LLC, AETC II PROPERTY MANAGERS, LLC, HUNT ELP, LTD., D/B/A HUNT MILITARY COMMUNITIES,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§ 5-20-CV-01138-OLG-RBF<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER**

Before the Court is (1) the Motion to Transfer Venue filed by Defendants AETC II Privatized Housing, LLC, AETC II Property Managers, LLC, and Hunt ELP, LTD d/b/a Hunt Military Communities, Dkt. No. 23; and (2) the Motion to Consolidate filed by Plaintiffs Jason H. Furman and Erin Furman and their minor children, Dkt. No. 32. This case was referred for disposition of all pretrial matters pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 17. Plaintiffs invoke the federal-enclave doctrine as the basis for federal jurisdiction over this tort case. Authority to enter this Order stems from 28 U.S.C. § 636(b)(1)(A).[1]

For the reasons discussed below, the Motions, Dkt. Nos. 23 & 32, are **DENIED**.

---

[1] *See Ginsburg v. Georgetown Univ.*, No. 3:13-CV-952-L, 2001 WL 36522706, at *1 (N.D. Tex. Aug. 26, 2001) (motions to transfer are nondispositive); *Tex. Dep't of Transp. v. Canal Barge Co., Inc.*, No. 4:20-CV-00868, 2020 WL 4335787, at *1 n.1 (S.D. Tex. Jul. 28, 2020) (motions to consolidate are nondispositive).

**Factual and Procedural Background**

On September 24, 2020, Plaintiffs Jason H. Furman and Erin Furman, on behalf of themselves and their minor children, sued Defendants for toxic mold exposure allegedly incurred at privatized military housing leased and managed by Defendants on the Goodfellow Airforce Base ("GAFB") in San Angelo, Texas. According to Plaintiffs' live Complaint, the mold exposure was caused by Defendants' failure to address a roof leak at their residence in the summer of 2018. This failure, according to Plaintiffs, wasn't a one-time occurrence. Rather, Plaintiffs allege, "AETC II Privatized Housing, LLC, as landlord, acting through its authorized agent, AETC II Property Managers, LLC, and in conjunction with the property management company, Defendant Hunt ELP, Ltd. d/b/a Hunt Military Communities "systematically undermaintained" the houses located on GAFB, subjecting Plaintiffs—as well as many other service members and their families—to uninhabitable conditions, including pervasive, toxic mold. *See* Compl. (Dkt. No. 1) ¶¶ 1-2 & 33. Plaintiffs bring state law claims against Defendants for the following (1) breach of implied warranty of habitability and warranty of good and workmanlike repairs; (2) breach of contract; (3) negligence and negligent misrepresentation; (4) statutory fraud in a real estate transaction; (5) common law fraud; (6) unjust enrichment and money had and received; (7) intentional nuisance; (8) negligent nuisance; and (9) gross negligence.

On February 1, 2021, Defendants moved to dismiss the case without prejudice for failure to timely effect service of process and for improper venue. *See* Dkt. No. 8. On March 19, 2021, the District Court denied Defendants' Rule 12(b)(5) motion and then referred the case— including Defendants' Rule 12(b)(3) Motion—for resolution of all pretrial proceedings. *See* Dkt. Nos. 16-17. Thereafter, Defendants filed the instant motion to transfer venue to the Northern

District of Texas, pursuant to 28 U.S.C. § 1404(a). Plaintiffs oppose the transfer, arguing that not only isn't the Northern District of Texas the more convenient forum but also that consolidation of this case with the subsequently filed related case styled *James C. Hill, Jr. et al. v. AETC II Privatized Housing, LLC*, No. 5:20-cv-01473 (W.D. Tex. Dec. 29, 2020) will ensure judicial economy, consistency, and convenience for all involved. *See* Dkt. No. 32. *Hill* was filed by five different families who lived at Randolph Air Force in San Antonio Texas from 2017 through 2020.[2] The Plaintiffs in *Hill* contend that while residing in Defendants' on-base housing they experienced difficulties with mold, asbestos, water damage, sewage intrusion, and lead paint, as well as structural and flooring issues and rodent and bug infestations.

On May 28, 2021, the Court held a hearing on all pending motions in this case, at the conclusion of which the Court took the motions under advisement.

**Analysis**

Defendants' Motion to Transfer is denied. Defendants haven't met their burden of demonstrating that conducting proceedings in the Northern District of Texas would be "clearly more convenient" than in this District. At the same time, the Court finds that formal consolidation of this case with *Hill*, which concerns different alleged harms at a separate military base, wouldn't serve convenience or economy in judicial administration.

    **A.    Defendants' Motion to Transfer Venue Is Denied.**

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There's no dispute that this case could have been filed in the Northern District of Texas. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008)

---

[2] Two of the families have voluntarily dismissed their claims. *See* Dkt. No. 8.

3

("*Volkswagen II*") ("The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue."). Accordingly, at issue here is whether Defendants have "clearly demonstrate[d] that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Id.* at 315. An analysis of the relevant public and private interest factors—none of which is afforded dispositive weight—reveals Defendants have failed to meet their burden. *Syndicate 420 at Lloyd's London v. Early Am. Ins.*, Co., 796 F.2d 821, 827 (5th Cir. 1986) (discussing the factors and providing that none is entitled to receive dispositive effect).

    **1.** *The relative ease of access to sources is largely neutral*. Aside from medical records, which can be accessed electronically,[3] Defendants fail to identify any documents located in the Northern District of Texas. At the same time, documents relevant to Defendants' alleged corporate indifference (or lack thereof) would presumably be located at their corporate headquarters. At least one named Defendant—Hunt—is located in this District.[4] Further, although the property itself is located in San Angelo, Texas, all of the designated experts who intend to inspect it reside either in the Western District of Texas or out-of-state. Accordingly, this factor is largely neutral.

    **2.** *The availability of compulsory process to secure the attendance of witnesses and cost of attendance for willing witnesses are also neutral*. A district court may compel attendance of a witness by issuing a subpoena within the district of the court or any place within one hundred miles of the trial. Fed. R. Civ. P. 45(b)(2)(C). But the subpoena power isn't

---

[3] *See Mateos v. Select Energy Servs.*, L.L.C., 919 F. Supp. 2d 817, 822 (W.D. Tex. 2013) ("Typically, the accessibility and location of sources of proof should weigh only slightly in this Court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage.").

[4] *See Broussard v. First Tower Loan, LLC*, 135 F. Supp. 3d 540, 546 (E.D. La. 2015) ("Typically, documents concerning corporate parties are located at the corporation's headquarters").

necessary for willing witnesses. Moreover, employees who reside in Texas may be compelled to attend trial in this District. *Solofill, LLC v. Rivera*, CV H-16-2702, 2017 WL 1354146, at *2 (S.D. Tex. Apr. 13, 2017). Here, Defendants haven't identified a single non-party witness who doesn't reside within this Court's subpoena-range. Defendants instead speculate that "it is much more likely that many potential and important non-party witnesses reside or may be found within the 100 miles' radius of San Angelo than of San Antonio such as former leasing and maintenance staff, vendors and contractors who performed work at the Furman residence, other fact witnesses, and health workers who have treated Plaintiffs." Dkt. No. 23. But speculation is insufficient. Although the Court recognizes that Defendants filed their motion to transfer early in the case, before initial disclosures have been exchanged, there's no reason Defendants couldn't have at least specifically identified some non-party witnesses they might call in this case. Accordingly, the Court finds this factor is neutral. *See Solofill*, 2017 WL 1354146, at *2 (finding second private interest factor neutral where defendants didn't identify any non-party or unwilling witnesses who would be outside subpoena range).

**3.** *The cost of attendance for willing witnesses supports the present venue.* Defendants similarly haven't identified any willing key party or non-party witnesses, let alone outlined the substance of their expected testimony. Instead, they speculate about the costs such unidentified witnesses might incur. Accordingly, this factor supports maintaining venue in this District. *See Broussard*, 135 F. Supp. 3d at 547.

**4.** *Practical difficulties point to maintaining the present venue.* "Practical problems include those that are rationally based on judicial economy." *TravelPass Grp., LLC v. Caesars Entm't Corp.*, No. 5:18-CV-153-RWS-CMC, 2019 WL 3806056, at *14 (E.D. Tex. May 9, 2019), *report and recommendation adopted*, 2019 WL 4071784 (E.D. Tex. Aug. 29, 2019).

5

"Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh in favor or against transfer." *Id.* Here, Plaintiffs allege that their injuries stemmed from an intentional corporate decision not to adequately maintain military housing. To that end, the attorneys for Plaintiffs have filed two other related tort cases on behalf of a different set of plaintiffs raising similar issues to those present in this case. Accordingly, this factor weighs against transfer. *See id.*; *see also In re Volkswagen of Am., Inc. (Volkswagen III)*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("[T]he existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice.").

**5.** *Administrative difficulties flowing from court congestion don't meaningfully affect the analysis here*. This factor is neutral. Defendants don't argue that this factor supports a transfer, and both Districts are equally busy.

**6.** *The local interest in having local controversies decided at home slightly favors transfer here.* The focus of this inquiry is "the relative connection of the localities to the events giving rise to this suit and their corresponding interests in the resolution of this controversy." *Vassallo v. Goodman Networks, Inc.*, No 5:14-CV-743, 2015 WL 502313, at *5 (W.D. Tex. Feb. 5, 2015). This is because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206. To that end, "the place of the alleged wrong is one of the most important factors in venue determinations." *Chase v. Andeavor Logistics, LP*, No. 5:18-CV-1050-DAE, 2019 WL 5847879, at *7 (W.D. Tex. Jul. 9, 2019) (quotations omitted). Here, the harm giving rise to Plaintiffs' injuries occurred in San Angelo, Texas where Plaintiffs were housed. At the same time, Plaintiffs contend that Defendants made the intentional corporate decision to undermaintain base housing.

6

And, as mentioned, at least one of the corporate Defendants is headquartered in this District. Accordingly, this factor only slightly favors transfer.

**7.** *The familiarity of the forum with the governing law and conflicts-of-law issues don't materially affect things here.* "Because this case will apply federal law and does not raise conflicts of law issues, the final two factors do not favor either venue." *Id.* at *8.

Based on the foregoing analysis, the Court finds that the public and private interest factors don't support a transfer to the North District of Texas. Accordingly, Defendants' Motion to Transfer is denied.

**B.     Plaintiffs' Motion for Consolidation Is Also Denied.**

Federal Rule of Civil Procedure 42 provides, in pertinent part, that:

> If actions before the court involve a common question of law or fact, the court may:
> (1)     join for hearing or trial any or all matters at issue in the actions;
> (2)     consolidate the actions; or
> (3)     issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Consolidation under Rule 42 is permissive, not mandatory. *See Hall v. Hall*, --U.S.--, 138 S. Ct. 1118, 1131 (2018) ("District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."). Accordingly, "the mere fact that a common question is present and that consolidation therefore is permissible under Rule 42(a), does not mean that the trial court judge must order consolidation." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2383 (3d ed. 2008). In determining whether consolidation is appropriate, courts "weigh the saving of time and effort that consolidation under Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the litigants and the trial judge." *Id.* Consolidation is not permitted "if it would prejudice the

7

rights of the parties." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989 (5th Cir. 1983).

Five factors inform a court's inquiry into whether consolidation is appropriate: (1) whether the actions are pending in the same court; (2) whether there are common parties; (3) whether there are common questions of law or fact; (4) whether there is risk of prejudice or confusion versus a risk of inconsistent adjudications if the cases are tried separately; and (5) whether consolidation will promote judicial economy. *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1531 (5th Cir. 1993); *Parker v. Hyperdynamics Corp.*, 126 F. Supp. 3d 830, 835 (S.D. Tex. 2015). Here, the factors reflect that consolidation for pretrial purposes isn't warranted.

Although both the *Hill* and *Furman* cases are pending before the same court and judges, and also involve some overlap in legal and factual issues, "[i]ndividual questions of law and fact appear to predominate over common ones." *Ulibarri v. Novartis Pharms. Corp.*, 303 F.R.D. 402, 404 (D.N.M. 2014). The cases involve different sets of Plaintiffs, and the harms occurred at different properties at two different Air Force bases that are located over 200 miles apart. The cases involve "different leasing agents, different community managers, different maintenance staff, and different maintenance directors." Radliff Decl. ¶ 3 (Dkt. No. 40-1). Moreover, although both cases concern Defendants' alleged failure to properly maintain on-base housing, the *Furman* case only pertains to Defendants' failure to address a roof leak. The *Hill* Plaintiffs, in contrast, allege harms stemming from things like asbestos, sewage intrusion, lead paint, structural and flooring issues, and rodent and bug infestations. Finally, the *Hill* Plaintiffs raise different causes of action than the *Furman* Plaintiffs, such as violations of the Texas Deceptive Trade Practices Act and the federal Residential Lead-Based Paint Hazard Reduction Act, and claims involving third-party-contract-beneficiary matters and strict-liability nuisance.

8

For all these reasons, the Court finds that formal consolidation of the *Furman* and *Hill* cases would create more inefficiency than efficiency.

## Conclusion

For the reasons discussed above, Defendants' Motion to Transfer Venue, Dkt. No. 23; and Plaintiffs' Motion to Consolidate, Dkt. No. 32, are **DENIED**.

**IT IS SO ORDERED**.

SIGNED this 21st day of September, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE